■ ONEWEST BANK, FSB, Respondent, v MILTON D. GALLOWAY, Appellant, et al., Defendants. [49 NYS3d 484]—

In an action to foreclose a mortgage, the defendant Milton D. Galloway appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Rebolini, J.), dated September 24, 2014, as denied those branches of his motion which were pursuant to CPLR 5015 (a) (2) and (3) to vacate a judgment of foreclosure and sale of the same court entered August 5, 2013, upon his failure to answer the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

In December 2009, the plaintiff commenced this mortgage foreclosure action against, among others, the defendant Milton D. Galloway (hereinafter the defendant). A judgment of foreclosure and sale was entered upon the defendant's default in failing to answer the complaint. Thereafter, the defendant moved pursuant to CPLR 5015 (a) (2), (3), and (4) to vacate the judgment of foreclosure and sale. The Supreme Court denied the motion. The defendant appeals, arguing that vacatur was warranted pursuant to CPLR 5015 (a) (2) and (3).

The defendant's contention that the plaintiff fraudulently obtained the judgment of foreclosure and sale by making false allegations in the complaint about its standing to commence the action amounts to an allegation of intrinsic fraud (*see Deutsche Bank Natl. Trust Co. v Karlis*, 138 AD3d 915, 916 [2016]; *New Century Mtge. Corp. v Corriette*, 117 AD3d 1011, 1012 [2014]; *Bank of N.Y. v Lagakos*, 27 AD3d 678, 679 [2006]).

A defendant seeking to vacate a default pursuant to CPLR 5015 (a) (3) based on intrinsic fraud must establish a reasonable excuse for the default and a potentially meritorious defense to the action (*see New Century Mtge. Corp. v Corriette*, 117 AD3d at 1012; *Bank of N.Y. v Stradford*, 55 AD3d 765, 765-766 [2008]; *Bank of N.Y. v Lagakos*, 27 AD3d at 679). Here, since the defendant has presented no excuse for his default, the Supreme Court properly denied that branch of his motion which was pursuant to CPLR 5015 (a) (3) to vacate the judgment of foreclosure and sale, regardless of whether he presented a potentially meritorious defense to the action.

Additionally, the defendant failed to demonstrate his entitlement to vacatur pursuant to CPLR 5015 (a) (2), based upon newly discovered evidence. A party seeking to vacate a judgment pursuant to CPLR 5015 (a) (2) must establish, inter alia, that the newly discovered evidence probably would have produced a different result (*see Meltzer v Meltzer*, 140 AD3d 716, 717 [2016]; *Sicurelli v Sicurelli*, 73 AD3d 735 [2010]; *Federated Conservationists of Westchester County v County of Westchester*, 4 AD3d 326, 327 [2004]). Here, contrary to the defendant's contention, even if the evidence proffered in support of the motion was new within the meaning of the statute, it did not warrant vacatur of the judgment of foreclosure and sale. Accordingly, the Supreme Court properly denied that branch of his motion which was pursuant to CPLR 5015 (a) (2) to vacate the judgment of foreclosure and sale. Hall, J.P., Miller, Connolly and Brathwaite Nelson, JJ., concur.