■ DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for FFMLT 2006-FF13, Appellant, v SAMUEL LOPEZ, Respondent, et al., Defendants. [49 NYS3d 123]—

Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered April 15, 2014, as amended by order entered May 9, 2014, which granted defendant Samuel Lopez's motion to dismiss the complaint, and denied as academic plaintiff's motion for a judgment of foreclosure and sale, upon default, unanimously reversed, on the law and the facts, without costs, defendant's motion denied, and plaintiff's motion granted. The Clerk is directed to enter judgment accordingly.

Defendant failed to proffer a reasonable excuse for his default in answering the complaint and his failure to respond to plaintiff's motion for a reference and a default judgment (*see Citibank, N.A. v K.L.P. Sportswear, Inc.*, 144 AD3d 475, 476-477 [1st Dept 2016]). His assertion that he was not sure if the

summons and complaint were real is unavailing (*see Dorrer v Berry*, 37 AD3d 519 [2d Dept 2007]), especially because he cites no efforts he made to determine the legitimacy of these papers, although the name, address and phone number of plaintiff's counsel is prominently displayed on them. Moreover, defendant offered no explanation for failing, after attending a settlement conference, to seek to serve either an answer to the complaint or opposition to the motion for a reference and default judgment, which he does not deny receiving. Having so defaulted, and having failed to proffer a reasonable excuse for his defaults, defendant is precluded from moving to dismiss the foreclosure action on the ground of plaintiff's alleged failure to comply with RPAPL 1304 (*see PHH Mtge. Corp. v Celestin*, 130 AD3d 703, 704 [2d Dept 2015]). Concur—Friedman, J.P., Andrias, Gische and Webber, JJ.