JP Morgan Chase Bank v Dennis (2018 NY Slip Op 08070)





JP Morgan Chase Bank v Dennis


2018 NY Slip Op 08070


Decided on November 27, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 27, 2018

Friedman, J.P., Mazzarelli, Kern, Oing, Singh, JJ.


7696 35786/15

[*1]JP Morgan Chase Bank, etc., Plaintiff-Respondent,
v
Cauline Dennis, etc., Defendant-Appellant, Simone Dennis, etc., et al., Defendants.


Cauline Dennis, appellant pro se.
Shapiro, DiCaro & Barak, LLC, Rochester (Austin T. Shufelt of counsel), for respondent.



Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered October 18, 2017, which denied defendant Cauline Dennis's motion to vacate the June 12, 2017 judgment of foreclosure and sale, unanimously affirmed, without costs.
The affidavit of service filed by plaintiff was prima facie evidence that defendant was properly served with the summons and complaint pursuant to CPLR 308(2) (see NYCTL 1998—1 Trust & Bank of N.Y. v Rabinowitz, 7 AD3d 459, 460 [1st Dept 2004]). On August 20, 2015, process was delivered to defendant at the mortgaged location. The deponent described the individual served as a brown skinned female with black hair, approximately 40 years old, five feet five inches in height, and 220 pounds. To rebut this prima facie showing, defendant was required to submit a sworn, nonconclusory denial of service or swear to specific facts to rebut the statements in the process server's affidavit (see id.; Avis Rent A Car Sys., LLC v Scaramellino, 161 AD3d 572 [1st Dept 2018]). Defendant's assertion that she was never served with the summons and complaint, and that the description of the person served "does not match the description of defendant" is insufficient to rebut the presumption (Wells Fargo Bank, N.A. v Tricarico, 139 AD3d 722, 723 [2d Dept 2016]).
Since defendant has not established a reasonable excuse for her default, she has waived her standing defense (see Bank of Am., N.A. v Brannon, 156 AD3d 1, 7 [1st Dept 2017] [citations omitted]), as well as any defense resulting from plaintiff's alleged failure to comply with RPAPL 1304 (see Deutsche Bank Natl. Trust Co. v Lopez, 148 AD3d 475, 475-476 [1st Dept 2017] [citation omitted]).
Defendant has provided no "newly discovered" evidence that was not previously discoverable or material to her appeal.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 27, 2018
CLERK