U.S. Bank N.A. v Cid (2019 NY Slip Op 08887)





U.S. Bank N.A. v Cid


2019 NY Slip Op 08887


Decided on December 11, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 11, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JOSEPH J. MALTESE
HECTOR D. LASALLE
LINDA CHRISTOPHER, JJ.


2016-11788
 (Index No. 8255/13)

[*1]U.S. Bank National Association, etc., respondent,
v
Maribel Cid, appellant, et al., defendants.


The Ranalli Law Group, PLLC, Hauppauge, NY, for appellant.
Stein, Weiner & Roth, LLP (Reed Smith LLP, New York, NY [Joseph B. Teig and Andrew B. Messite], of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Maribel Cid appeals from an order of the Supreme Court, Suffolk County (James F. Quinn, J.), dated June 22, 2016. The order denied that defendant's motion pursuant to CPLR 3211(a) and RPAPL 1303 and 1304 to dismiss the complaint insofar as asserted against her and granted the plaintiff's motion for an order of reference.
ORDERED that the order is affirmed with costs.
On March 30, 2006, the defendant Maribel Cid (hereinafter the defendant) obtained a loan from Credit Suisse Financial Corporation in the principal sum of $263,250, which was secured by a mortgage on real property in Wheatley Heights. On October 31, 2012, Credit Suisse Financial Corporation assigned the mortgage to the plaintiff.
On March 21, 2013, the plaintiff commenced this action to foreclose the mortgage by filing a summons and complaint. The summons and complaint were served on a person of suitable age and discretion at the defendant's residence on March 28, 2013, and the defendant filed for bankruptcy on March 29, 2013. The summons and complaint were mailed to the defendant's address on April 2, 2013, and the affidavit of service was filed with the County Clerk on April 4, 2013. The defendant's bankruptcy proceeding was dismissed in July 2013.
In November 2013, the defendant moved, inter alia, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against her on the ground of lack of personal jurisdiction and based upon the plaintiff's failure to comply with the notice provisions of RPAPL 1303 and 1304. The plaintiff opposed the defendant's motion, and moved for an order of reference. By order dated June 22, 2016, the Supreme Court granted the plaintiff's motion and denied the defendant's motion. The defendant appeals.
The defendant's contention that service of the summons and complaint was void ab initio is without merit. Although the filing of a bankruptcy petition results in an automatic stay of actions against a debtor (see 11 USC § 362[a][1]), the commencement of an action in violation of the automatic stay does not deprive the court of jurisdiction but merely suspends the proceedings during the pendency of the automatic stay (see Wells Fargo Bank, N.A. v Ranalli, 140 AD3d 1156, [*2]1157; Kleinsleep Prods. v McCrory Corp., 271 AD2d 411, 412; International Fid. Ins. Co. v European Am. Bank, 129 AD2d 679, 679). Moreover, the mere service of the summons and complaint is not voidable where, as here, the plaintiff took no steps toward prosecuting the action until after the bankruptcy proceeding was dismissed and the stay terminated, and no prejudice to the other parties in the bankruptcy proceeding has been shown (see Wells Fargo Bank, N.A. v Ranalli, 140 AD3d at 1157; Kleinsleep Prods. v McCrory Corp., 271 AD2d at 412; International Fid. Ins. Co. v European Am. Bank, 129 AD2d at 679).
Further, since the defendant never moved to vacate her default in appearing or answering the complaint, we agree with the Supreme Court's determination that she was precluded from raising the plaintiff's alleged failure to comply with the notice provisions of RPAPL 1303 and 1304 as a defense to this action (see Aurora Loan Servs., LLC v Colleluori, 170 AD3d 1097; HSBC Bank USA, N.A. v Hasis, 154 AD3d 832, 834; Deutsche Bank Natl. Trust Co. v Lopez, 148 AD3d 475, 476; Citimortgage, Inc. v Baser, 137 AD3d 735, 736).
The defendant's remaining contention is without merit.
CHAMBERS, J.P., MALTESE, LASALLE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court