Wells Fargo Bank, N.A. v Salzmann (2020 NY Slip Op 02056)





Wells Fargo Bank, N.A. v Salzmann


2020 NY Slip Op 02056


Decided on March 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2017-11364
 (Index No. 12637/08)

[*1]Wells Fargo Bank, N.A., respondent,
v
Lee Salzmann, appellant, et al., defendants.


David A. Bythewood, Mineola, NY, for appellant.
Frenkel Lambert Weiss Weisman & Gordon, LLP, Bay Shore, NY (Ruth O'Connor of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Lee Salzmann appeals from an order of the Supreme Court, Suffolk County (C. Randall Hinrichs, J.), dated July 21, 2017. The order, insofar as appealed from, denied that branch of that defendant's motion which was pursuant to CPLR 5015(a)(3) to vacate a judgment of foreclosure and sale of the same court entered January 23, 2017.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this mortgage foreclosure action against, among others, the defendant Lee Salzmann (hereinafter the defendant), and subsequently a judgment of foreclosure and sale was entered upon the defendant's failure to appear or answer the complaint. Thereafter, the defendant moved, inter alia, pursuant to CPLR 5015(a)(3) to vacate the judgment of foreclosure and sale.
 "CPLR 5015(a)(3) permits a court to vacate a judgment or order upon the ground of fraud, misrepresentation, or other misconduct of an adverse party"' (U.S. Bank, N.A. v Robinson, 168 AD3d 1120, 1121, quoting EMC Mtge. Corp. v Toussaint, 136 AD3d 861, 862-863). The defendant's contention that the plaintiff obtained the judgment of foreclosure and sale through the submission of fraudulent documents amounts to an allegation of intrinsic fraud (see U.S. Bank, N.A. v Robinson, 168 AD3d at 1121; Wells Fargo Bank, N.A. v Shatles, 157 AD3d 750). A defendant seeking to vacate a default based on intrinsic fraud must establish a reasonable excuse for his default and a potentially meritorious defense to the action (see U.S. Bank, N.A. v Robinson, 168 AD3d at 1121; OneWest Bank, FSB v Galloway, 148 AD3d 818, 819).
Here, the defendant failed to offer any excuse for his default (see U.S. Bank, N.A. v Robinson, 168 AD3d at 1121). Consequently, it is unnecessary to consider whether the defendant presented a potentially meritorious defense (see U.S. Bank, N.A. v Robinson, 168 AD3d at 1121; EMC Mtge. Corp. v Asturizaga, 150 AD3d 824, 826).
DILLON, J.P., DUFFY, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court