Deutsche Bank Natl. Trust Co. v Pagan (2020 NY Slip Op 02917)





Deutsche Bank Natl. Trust Co. v Pagan


2020 NY Slip Op 02917


Decided on May 20, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
VALERIE BRATHWAITE NELSON, JJ.


2017-07691
 (Index No. 17882/10)

[*1]Deutsche Bank National Trust Company, etc., respondent,
v
Luz Pagan, etc., appellant, et al, defendants.


J.A. Sanchez-Dorta, New York, NY, for appellant.
Fein, Such & Crane, LLP (Sandelands Eyet LLP, New York, NY [Kathleen Cavanaugh], of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Luz Pagan appeals from an order of the Supreme Court, Queens County (Salvatore J. Modica, J.), entered April 27, 2017. The order, insofar as appealed from, denied those branches of that defendant's motion which were pursuant to CPLR 5015(a)(1) and (3), (1) to vacate an order of the same court dated November 6, 2013, granting the plaintiff's unopposed motion, inter alia, for summary judgment on the complaint insofar as asserted against her, to strike her answer, and for an order of reference, and referring the matter to a referee, (2) to vacate a judgment of foreclosure and sale entered October 24, 2016, inter alia, directing the sale of the subject property, and (3) to compel the plaintiff to accept her amended answer and third-party complaint.
ORDERED that the order entered April 27, 2017, is affirmed insofar as appealed from, with costs.
In February 2007, Armando Garcia executed a note in the sum of $639,350 in favor of HSBC Mortgage Corporation (USA), which was secured by a mortgage on residential property in Elmhurst (hereinafter the property). Immediately thereafter, Garcia deeded the property to the defendant Luz Pagan (hereinafter the defendant). Garcia died in October 2009.
On July 15, 2010, the plaintiff commenced this action against Garcia and the defendant, among others, to foreclose the mortgage. The defendant interposed an answer, in which she asserted various affirmative defenses, including that the plaintiff lacked standing. The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer, and for an order of reference. The defendant failed to oppose the motion. By order dated November 6, 2013, the Supreme Court granted the plaintiff's motion and referred the matter to a referee to compute the amount due to the plaintiff. The plaintiff then moved for a judgment of foreclosure and sale. The defendant also failed to oppose that motion. The Supreme Court issued a judgment of foreclosure and sale entered October 24, 2016.
In February 2017, the defendant moved, inter alia, pursuant to CPLR 5015(a)(1) and (3) to vacate the order dated November 6, 2013, granting the plaintiff's motion, inter alia, for summary judgment, and to vacate the judgment of foreclosure and sale, and to compel the plaintiff [*2]to accept her amended answer and a third-party complaint against Garcia's estate. The plaintiff opposed the motion. By order entered April 27, 2017, the Supreme Court denied the motion.
Contrary to the defendant's contention, Garcia's estate was not a necessary party to the action, as Garcia conveyed all his interest in the property to the defendant prior to his death, and the plaintiff waived its right to seek a deficiency judgment (see Wells Fargo Bank, N.A. v Baymack, 176 AD3d 905; HSBC Bank USA v Ungar Family Realty Corp., 111 AD3d 673, 673-674).
Moreover, the defendant failed to establish that vacatur of the order granting summary judgment and the judgment of foreclosure and sale was warranted pursuant to CPLR 5015(a)(1) or (3). The defendant contends that the plaintiff submitted a fraudulent affidavit in order to establish its standing, which amounts to an allegation of intrinsic fraud (see New Century Mtge. Corp. v Corriette, 117 AD3d 1011, 1012; Bank of N.Y. v Lagakos, 27 AD3d 678, 679). A defendant seeking to vacate a default pursuant to CPLR 5015(a)(3) based on intrinsic fraud must establish both a reasonable excuse for the default and a potentially meritorious defense to the action (see New Century Mtge. Corp. v Corriette, 117 AD3d at 1012; Bank of N.Y. v Stradford, 55 AD3d 765, 765-766). The defendant's proffered excuse of neglect by her prior attorney was unsubstantiated, and thus, did not constitute a reasonable excuse for her failure to oppose the plaintiff's motions (see Deutsche Bank Natl. Trust Co. v Saketos, 158 AD3d 610, 612; One W. Bank, FSB v Valdez, 128 AD3d 655, 655).
A party moving pursuant to CPLR 5015(a)(1) to vacate an order entered upon his or her default in opposing a motion pursuant must demonstrate a reasonable excuse for the default and a potentially meritorious opposition to the motion (see HSBC Bank USA, N.A. v Aquaviva, 177 AD3d 713, 714). Since the defendant failed to demonstrate a reasonable excuse for her defaults, it is unnecessary to consider whether she demonstrated potentially meritorious opposition to the motions (see id. at 715; New Century Mtge. Corp. v Corriette, 117 AD3d at 1012), including the plaintiff's alleged lack of standing and its purported failure to comply with RPAPL 1303 (see Deutsche Bank Natl. Trust Co. v Lopez, 148 AD3d 475, 476; PHH Mtge. Corp. v Celestin, 130 AD3d 703, 704).
Accordingly, we agree with the Supreme Court's determination denying those branches of the defendant's motion which were pursuant to CPLR 5015(a)(1) and (3) to vacate the order dated November 6, 2013, and the judgment of foreclosure and sale entered October 24, 2016, and to compel the plaintiff to accept her amended answer and third-party complaint.
RIVERA, J.P., CHAMBERS, ROMAN and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court