CitiMortgage, Inc. v Nunez (2021 NY Slip Op 05689)





CitiMortgage, Inc. v Nunez


2021 NY Slip Op 05689


Decided on October 20, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 20, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
COLLEEN D. DUFFY
LARA J. GENOVESI, JJ.


2018-00391
 (Index No. 20963/11)

[*1]CitiMortgage, Inc., respondent,
v
Angela Nunez, appellant, et al., defendants.


J.A. Sanchez-Dorta, New York, NY, for appellant.
Akerman, LLP, New York, NY (Jordan M. Smith and Kathleen R. Fitzpatrick of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Angela Nunez appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated November 9, 2017. The order denied that defendant's motion pursuant to CPLR 5015(a)(3) to vacate an order of the same court dated September 9, 2013, and an order and judgment of foreclosure and sale (one paper) of the same court (Arthur M. Schack, J.) dated April 13, 2015, and, in effect, pursuant to CPLR 3025(b) for leave to amend her answer.
ORDERED that the order dated November 9, 2017, is affirmed, with costs.
In 2011, the plaintiff commenced this action against the defendant Angela Nunez (hereinafter the defendant), among others, to foreclose a mortgage on real property located in Brooklyn. The defendant appeared by verified answer, raising certain affirmative defenses and counterclaims. In 2013, the plaintiff moved, inter alia, for summary judgment on the complaint. The defendant did not submit opposition papers and, in an order dated September 9, 2013, the Supreme Court, inter alia, granted the plaintiff's unopposed motion, and appointed a referee to compute the amount due to the plaintiff. Subsequently, an order and judgment of foreclosure and sale was entered in favor of the plaintiff. Thereafter, the defendant moved pursuant to CPLR 5015(a)(3) to vacate the September 9, 2013 order and the order and judgment of foreclosure and sale, and, in effect, pursuant to CPLR 3025(b) for leave to amend her answer to include certain allegations of fraud against the plaintiff. The court denied the defendant's motion, and the defendant appeals.
The defendant's contention that the plaintiff fraudulently obtained the order and judgment of foreclosure and sale by making false allegations in the complaint about its standing to commence the action amounts to an allegation of intrinsic fraud (see Wells Fargo Bank, N.A. v Salzmann, 181 AD3d 896, 896-897; OneWest Bank, FSB v Galloway, 148 AD3d 818, 818). A defendant seeking to vacate a default pursuant to CPLR 5015(a)(3) based on intrinsic fraud must establish a reasonable excuse for the default and a potentially meritorious defense to the action (see U.S. Bank, N.A. v Robinson, 168 AD3d 1120, 1121; OneWest Bank, FSB v Galloway, 148 AD3d at 819). Here, since the defendant failed to offer an excuse for her default in opposing the plaintiff's motion for summary judgment, the Supreme Court properly denied that branch of her motion which was pursuant to CPLR 5015(a)(3) to vacate the September 9, 2013 order and the order and judgment [*2]of foreclosure and sale, regardless of whether she presented a potentially meritorious defense to the action (see Wells Fargo Bank, N.A. v Salzmann, 181 AD3d at 897). Moreover, while there is no specific time limit within which a party must move to vacate a default pursuant to CPLR 5015(a)(3), "the motion must be made within a reasonable time" (Deutsche Bank Natl. Trust Co. v James, 164 AD3d 467, 469 [internal quotation marks omitted]). The defendant's motion to vacate her default was made more than four years after she failed to oppose the plaintiff's motion for summary judgment. Such delay was unreasonable (see id. at 469).
The Supreme Court properly denied that branch of the defendant's motion which was, in effect, pursuant to CPLR 3025(b) for leave to amend her answer. A motion for leave to amend a pleading should not be granted where prejudice or surprise to the opposing party results directly from the moving party's delay (see Deutsche Bank Natl. Trust Co. v James, 164 AD3d at 469). Here, the defendant's extensive and unexplained delay would have resulted in unfair surprise and prejudice to the plaintiff (see id.; Trataros Constr., Inc. v New York City School Constr. Auth., 46 AD3d 874, 874-875). Moreover, the proposed amended answer did not clearly show the changes or additions to be made to the pleading (see CPLR 3025[b]; Panagoulopoulos v Carlos Ortiz Jr. MD, P.C., 143 AD3d 792, 793).
Contrary to the defendant's contention, the Supreme Court was not required to direct the plaintiff to produce the original note for inspection by the court, without the defendant having made a demand for the same, or having opposed the plaintiff's motion for summary judgment (see generally JPMorgan Chase Bank, N.A. v Caliguri, 36 NY3d 953, 954; Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 362).
MASTRO, J.P., MILLER, DUFFY and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court