Emigrant Sav. Bank v Burke (2021 NY Slip Op 05952)





Emigrant Sav. Bank v Burke


2021 NY Slip Op 05952


Decided on November 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
BETSY BARROS
PAUL WOOTEN
DEBORAH A. DOWLING, JJ.


2018-00693
 (Index No. 800/10)

[*1]Emigrant Savings Bank, respondent, 
v
Timothy C. Burke, et al., defendants, Bruce Burke, appellant.


Sichenzia Ross Ference Kesner, LLP, Huntington Station, NY (Todd J. Manister of counsel), for appellant.
Knuckles, Komosinski & Manfro, LLP, Elmsford, NY (Gregg L. Verrilli of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Bruce Burke appeals from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered November 21, 2017. The order denied that defendant's motion, inter alia, to vacate an order and judgment of foreclosure and sale (one paper) of the same court entered January 27, 2016.
ORDERED that the order is affirmed, with costs.
In January 2010, the plaintiff commenced this action against the defendant Bruce Burke (hereinafter the defendant), among others, to foreclose a mortgage on certain real property in Port Washington. The defendant failed to appear or answer the complaint. In an order dated July 15, 2010, the Supreme Court granted the plaintiff's motion, inter alia, for leave to enter a default judgment and for an order of reference, and referred the matter to a referee to ascertain and compute the amount due to the plaintiff. In an order dated August 24, 2012, the court directed dismissal of the action as abandoned pursuant to CPLR 3215(c) (hereinafter the order of dismissal). In an order dated July 30, 2013, the court granted the plaintiff's motion to vacate the order of dismissal and restored the action to the calendar. In an order dated November 13, 2015, the court granted the plaintiff's motion for a judgment of foreclosure and sale. On January 27, 2016, the court entered an order and judgment of foreclosure and sale, inter alia, directing the sale of the subject property. The defendant did not appeal from the order and judgment of foreclosure and sale.
In June 2017, the defendant moved, inter alia, to vacate the order and judgment of foreclosure and sale. In an order entered November 21, 2017, the Supreme Court denied the defendant's motion. The defendant appeals.
A defendant seeking to vacate a judgment pursuant to CPLR 5015(a)(1) must demonstrate a reasonable excuse for the default and a potentially meritorious defense to the action (see LaSalle Bank N.A. v Calle, 153 AD3d 801, 802; Deutsche Bank Natl. Trust Co. v Ramirez, 117 AD3d 674, 675). Here, the Supreme Court properly determined that the defendant failed to demonstrate a reasonable excuse for his default based upon an unsubstantiated claim of law office failure (see Wilmington Sav. Fund Socy., FSB v Rodriguez, 197 AD3d 784). Since the defendant [*2]failed to show a reasonable excuse for his default, it is unnecessary to consider whether the defendant had a potentially meritorious defense to the action (see Wells Fargo Bank, N.A. v Salzmann, 181 AD3d 896, 897).
The defendant's contention that the order and judgment of foreclosure and sale should be vacated pursuant to CPLR 5015(a)(4) on the ground that the defendant Timothy C. Burke was not validly served is unavailing. "The defense of improper service . . . in a foreclosure action is personal in nature and may only be raised by the party improperly served" (NYCTL 1996-1 Trust v King, 13 AD3d 429, 430; Home Sav. of Am. v Gkanios, 233 AD2d 422, 423).
The defendant's remaining contentions are without merit.
Accordingly, we affirm the order appealed from.
CHAMBERS, J.P., BARROS, WOOTEN and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court