Nationstar Mtge., LLC v Stutman (2022 NY Slip Op 02808)

Nationstar Mtge., LLC v Stutman

2022 NY Slip Op 02808

Decided on April 27, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 27, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
REINALDO E. RIVERA
PAUL WOOTEN
DEBORAH A. DOWLING, JJ.

2018-08925
 (Index No. 507842/13)

[*1]Nationstar Mortgage, LLC, respondent, 
v
Vernia Elizabeth Stutman, etc., appellant, et al., defendants.

Solomon Rosengarten, Brooklyn, NY, for appellant.
McCalla Raymer Leibert Pierce, LLC, New York, NY (Richard P. Haber of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Vernia Elizabeth Stutman appeals from a judgment of foreclosure and sale of the Supreme Court, Kings County (Noach Dear, J.), dated May 3, 2018. The judgment of foreclosure and sale, upon an order of the same court dated May 3, 2018, granting the plaintiff's motion to confirm a referee's report and for a judgment of foreclosure and sale, and denying that defendant's cross motion (1) pursuant to CPLR 5015(a)(3) to vacate an order of the same court (Bert A. Bunyan, J.) dated October 5, 2015, which granted the plaintiff's unopposed motion for summary judgment on the complaint insofar as asserted against her and for an order of reference, and (2) to dismiss the complaint insofar as against her, inter alia, directed the sale of the subject property.
ORDERED that the judgment of foreclosure and sale is affirmed, with costs.
In December 2013, the plaintiff commenced this action against the defendant Vernia Elizabeth Stutman (hereinafter the defendant), among others, to foreclose a mortgage encumbering certain real properly located in Brooklyn. The defendant failed to appear or answer the complaint. By order dated October 5, 2015, the Supreme Court, inter alia, granted the plaintiff's unopposed motion for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. The plaintiff thereafter moved to confirm the referee's report and for a judgment of foreclosure and sale. The defendant opposed the plaintiff's motion, and cross-moved pursuant to CPLR 5015(a)(3) to vacate the order dated October 5, 2015, and to dismiss the complaint insofar as asserted against her, on the ground that the plaintiff had committed fraud by making false allegations in the complaint and submitting fraudulent evidence of its standing to commence this action. In an order dated May 3, 2018, the Supreme Court granted the plaintiff's motion and denied the defendant's cross motion. A judgment of foreclosure and sale dated May 3, 2018, inter alia, directing the sale of the subject property was subsequently entered. The defendant appeals.
The defendant's contention in support of her cross motion that the plaintiff had committed fraud by making false allegations in the complaint and submitting fraudulent evidence of its standing to commence this action amounts to an allegation of intrinsic fraud (see CitiMortgage, Inc. v Nunez, 198 AD3d 865, 866; Deutsche Bank Natl. Trust Co. v Pagan, 183 AD3d 801, 802; Wells Fargo Bank, N.A. v Salzmann, 181 AD3d 896, 896-897; Wells Fargo Bank, N.A. v Shatles, [*2]157 AD3d 750, 751; OneWest Bank, FSB v Galloway, 148 AD3d 818, 818; Bank of N.Y. v Lagakos, 27 AD3d 678, 679). "A defendant seeking to vacate a default pursuant to CPLR 5015(a)(3) based on intrinsic fraud must establish a reasonable excuse for the default and a potentially meritorious defense to the action" (CitiMortgage, Inc. v Nunez, 198 AD3d at 866; see Deutsche Bank Natl. Trust Co. v Pagan, 183 AD3d at 802; U.S. Bank, N.A. v Robinson, 168 AD3d 1120, 1121; Wells Fargo Bank, N.A. v Shatles, 157 AD3d at 751; OneWest Bank, FSB v Galloway, 148 AD3d at 819). Here, the defendant presented no excuse for her default in answering the complaint. Accordingly, the Supreme Court properly denied the defendant's cross motion pursuant to CPLR 5015(a)(3) to vacate the order dated October 5, 2015, and to dismiss the complaint insofar as asserted against her (see Wells Fargo Bank, N.A. v Salzmann, 181 AD3d at 896-897; Wells Fargo Bank, N.A. v Shatles, 157 AD3d at 751).
IANNACCI, J.P., RIVERA, WOOTEN and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court