HSBC Bank USA v Lozovskiy (2022 NY Slip Op 03712)

HSBC Bank USA v Lozovskiy

2022 NY Slip Op 03712

Decided on June 8, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 8, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
PAUL WOOTEN, JJ.

2019-10958
 (Index No. 29182/09)

[*1]HSBC Bank USA, etc., respondent, 
v
Aleksandr Stal Lozovskiy, et al., appellants, et al., defendants.

Kupillas Unger & Benjamin, New York, NY (Jeffrey Benjamin of counsel), for appellants.
Davidson Fink, LLP, Rochester, NY (Richard Franco of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Aleksandr Stal Lozovskiy and Svetlana Stal-Lozovskaya appeal from an order of the Supreme Court, Kings County (Mark I. Partnow, J.), dated March 20, 2019. The order, insofar as appealed from, denied that branch of those defendants' cross motion which was pursuant to CPLR 5015(a)(2) and (3) to vacate a prior order of the same court dated November 18, 2016.
ORDERED that the order dated March 20, 2019, is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action to foreclose a mortgage on real property. One of the mortgagors, the defendant Aleksandr Stal Lozovskiy, answered the complaint. The remaining defendants did not interpose answers to the complaint. By order dated November 18, 2016 (hereinafter the prior order), the Supreme Court granted the plaintiff's unopposed motion, inter alia, for summary judgment on the complaint. Subsequently, the plaintiff moved for a judgment of foreclosure and sale. The defendants Aleksandr Stal Lozovskiy and Svetlana Stal-Lozovskaya (hereinafter together the defendants) cross-moved, among other things, pursuant to CPLR 5015(a)(2) and (3) to vacate the prior order. In an order dated March 20, 2019, the court, inter alia, denied that branch of the defendants' cross motion. The defendants appeal.
The defendants did not set forth grounds warranting vacatur of the prior order. "In order to succeed on a motion pursuant to CPLR 5015(a)(2) to vacate an order or judgment on the ground of newly discovered evidence, the movant must establish that the evidence could not have been discovered earlier through the exercise of due diligence and that the newly discovered evidence would probably have produced a different result" (Borrie v County of Suffolk, 197 AD3d 1285, 1286; see Globe Trade Capital, LLC v Hoey, 199 AD3d 775, 776). Here, the defendants failed to submit any newly discovered evidence that they could not have discovered earlier, nor did they show that any such evidence would probably have produced a different result (see Emigrant Bank v Nicolaou, 198 AD3d 724; Branch Banking & Trust Co. v Jacobson, 194 AD3d 684, 684; Nationstar Mtge., LLC v Paganini, 191 AD3d 790, 793). Consequently, the defendants were not entitled to vacatur of the prior order pursuant to CPLR 5015(a)(2).
Furthermore, the defendants failed to show that the prior order should be vacated on the ground of fraud, misrepresentation, or other alleged misconduct. Where, as here, a party seeks to vacate a prior order or judgment entered on that party's default pursuant to CPLR 5015(a)(3) based on intrinsic fraud, that party must set forth a reasonable excuse for its default and a potentially meritorious defense to the action (see U.S. Bank, NA v Robinson, 168 AD3d 1120, 1121; OneWest Bank, FSB v Galloway, 148 AD3d 818, 819). Here, the defendants did not set forth any reasonable excuse for their default in opposing the plaintiff's motion, inter alia, for summary judgment on the complaint. Therefore, they were not entitled to vacatur of the prior order pursuant to CPLR 5015(a)(3), regardless of any potential merits of their defenses (see CitiMortgage, Inc. v Nunez, 198 AD3d 865, 866; OneWest Bank, FSB v Galloway, 148 AD3d at 819).
IANNACCI, J.P., RIVERA, CHAMBERS and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court