Bank of N.Y. Mellon v Vaden (2023 NY Slip Op 02995)

Bank of N.Y. Mellon v Vaden

2023 NY Slip Op 02995

Decided on June 7, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 7, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
HELEN VOUTSINAS, JJ.

2017-12343
 (Index No. 15754/11)

[*1]Bank of New York Mellon, etc., respondent,
v
Kevin Vaden, appellant, et al., defendants.

Kevin W. Vaden, sued herein as Kevin Vaden, Amityville, NY, appellant pro se.
Eckert Seamans Cherin & Mellott, LLC, White Plains, NY (Kenneth J. Flickinger of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Kevin Vaden appeals from an order of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated October 5, 2017. The order, insofar as appealed from, denied that defendant's motion pursuant to CPLR 5015(a)(3) to vacate a judgment of foreclosure and sale of the same court entered June 24, 2015, upon his failure to appear or answer the complaint, and to set aside the foreclosure sale of the subject property.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In May 2011, the plaintiff commenced this action against, among others, the defendant Kevin Vaden (hereinafter the defendant) to foreclose a mortgage on residential property located in Amityville owned by the defendant (hereinafter the subject property). On May 14, 2011, the defendant was served with the summons and complaint, but he failed to appear or answer the complaint. Thereafter, on June 24, 2015, the Supreme Court entered a judgment of foreclosure and sale. A foreclosure sale of the subject property was held on January 11, 2017.
In May 2017, the defendant moved pursuant to CPLR 5015(a)(3) to vacate the judgment of foreclosure and sale and to set aside the foreclosure sale of the subject property. In an order dated October 5, 2017, the Supreme Court, inter alia, denied the defendant's motion. The defendant appeals.
The Supreme Court properly denied the defendant's motion pursuant to CPLR 5015(a)(3) to vacate the judgment of foreclosure and sale and to set aside the foreclosure sale of the subject property. Where, as here, a defendant moves pursuant to CPLR 5015(a)(3) to vacate a default based on intrinsic fraud, i.e., on the basis that the plaintiff made false allegations about its standing to commence the action and/or submitted fraudulent documents in support thereof, the defendant must establish both a reasonable excuse for the default and a potentially meritorious defense to the action (see Wells Fargo Bank, N.A. v Arratia, 207 AD3d 598, 600; Deutsche Bank Natl. Trust Co. v Pagan, 183 AD3d 801, 802-803; OneWest Bank, FSB v Galloway, 148 AD3d 818, 819). Here, since the defendant presented no excuse for his default, the court properly denied his motion (see CitiMortgage, Inc. v Nunez, 198 AD3d 865, 866; OneWest Bank, FSB v Galloway, 148 AD3d at 819), and "it was unnecessary to consider whether he presented a potentially meritorious [*2]defense, including lack of standing" (HSBC Bank USA, N.A. v Walker, 201 AD3d 795, 797; see JPMorgan Chase Bank, N.A. v Multani, 196 AD3d 549, 550).
In light of our determination, the parties' remaining contentions need not be reached.
DILLON, J.P., CHRISTOPHER, GENOVESI and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court