US Bank N.A. v Oliver (2020 NY Slip Op 01109)





US Bank N.A. v Oliver


2020 NY Slip Op 01109


Decided on February 13, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
RUTH C. BALKIN
JOHN M. LEVENTHAL, JJ.


2017-04486
 (Index No. 13318/10)

[*1]US Bank National Association, etc., respondent,
v
Cathy Oliver, appellant.


Cathy Oliver, Brooklyn, NY, appellant pro se.
Hogan Lovells US LLP, New York, NY (Robin L. Muir, Lisa J. Fried, and Christian Fletcher of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant appeals from an order of the Supreme Court, Westchester County (Lewis J. Lubell, J.), dated March 24, 2017. The order, insofar as appealed from, denied the defendant's motion, inter alia, to dismiss the complaint for failure to comply with RPAPL 1304.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action to foreclose a mortgage on real property owned by the defendant. The defendant failed to answer the complaint. Thereafter, the Supreme Court granted the plaintiff's motion, inter alia, for leave to enter a default judgment against the defendant and for an order of reference. Subsequently, the plaintiff moved for a judgment of foreclosure and sale, and the defendant moved, among other things, to vacate the order of reference. The court granted the plaintiff's motion and denied the defendant's motion. The court then issued a judgment of foreclosure and sale.
Thereafter, the defendant moved, inter alia, pursuant to CPLR 5015(a)(1) to vacate the judgment of foreclosure and sale and the order of reference and, in effect, to dismiss the complaint, based on, among other things, the plaintiff's alleged failure to comply with RPAPL 1304. In an order dated July 28, 2016, the Supreme Court denied the defendant's motion. The defendant did not appeal from that order.
The defendant subsequently filed the instant motion, inter alia, to dismiss the complaint based on the plaintiff's alleged failure to comply with RPAPL 1304. In her reply papers, the defendant also sought, in effect, to vacate the judgment of foreclosure and sale and the order of reference for lack of personal jurisdiction and, thereupon, to dismiss the complaint on that ground. In an order dated March 24, 2017, the Supreme Court denied the defendant's motion. The defendant appeals from the order dated March 24, 2017.
Contrary to the defendant's contention, the Supreme Court properly declined to review her contention that the complaint should be dismissed for lack of personal jurisdiction, since she sought this relief for the first time in her reply papers (see generally North Shore Envtl. [*2]Solutions, Inc., v Glass, 17 AD3d 427, 428).
We agree with the Supreme Court's determination to deny that branch of the defendant's motion which was to dismiss the complaint based on the plaintiff's alleged failure to comply with RPAPL 1304 on the ground that it was barred by the doctrine of the law of the case (see Martin v City of Cohoes, 37 NY2d 162, 165; Strujan v Glencord Bldg. Corp., 137 AD3d 1252, 1253). Although this Court is not bound by the law of the case doctrine and may consider the subject branch of the defendant's motion on the merits (see Wells Fargo Bank, N.A. v Fleurant, 150 AD3d 790, 791), since the defendant never established her entitlement to vacatur of her default in appearing or answering, she should be precluded under the circumstances from raising the issue of whether the plaintiff complied with the notice provisions of RPAPL 1304, as a defense to this action (see PHH Mtge. Corp. v Celestin, 130 AD3d 703, 704; see also HSBC Bank USA, N.A. v Hasis, 154 AD3d 832, 834).
The defendant's remaining contentions are without merit.
SCHEINKMAN, P.J., RIVERA, BALKIN and LEVENTHAL, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court