Bank of N.Y. Mellon v Davis (2021 NY Slip Op 02267)





Bank of N.Y. Mellon v Davis


2021 NY Slip Op 02267


Decided on April 14, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 14, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2018-01773
2018-01784
 (Index No. 602825/15)

[*1]Bank of New York Mellon, etc., respondent,
v
Ann Marie Davis, et al., appellants.


Stephen C. Silverberg, PLLC, Uniondale, NY, for appellants.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants appeal from (1) an order of the Supreme Court, Suffolk County (Howard H. Heckman, Jr., J.), dated November 6, 2017, and (2) a judgment of foreclosure and sale of the same court entered November 20, 2017. The order, insofar as appealed from, granted the plaintiff's motion to confirm a referee's report and for a judgment of foreclosure and sale, and denied the defendants' cross motion, inter alia, in effect, for summary judgment dismissing the complaint insofar as asserted against them or, in the alternative, to reject the referee's report and to vacate two prior orders of the same court dated March 31, 2017, among other things, granting that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the defendants. The judgment of foreclosure and sale, inter alia, directed the sale of the subject property.
ORDERED that the appeal from the order dated November 6, 2017, is dismissed; and it is further,
ORDERED that the judgment of foreclosure and sale is reversed, on the law, the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale is denied, that branch of the defendants' cross motion which was to reject the referee's report is granted, the referee's report is rejected, the order dated November 6, 2017, is modified accordingly, and the matter is remitted to the Supreme Court, Suffolk County, for a new report computing the amount due to the plaintiff, followed by further proceedings in accordance with CPLR 4403 and the entry of an appropriate amended judgment thereafter; and it is further,
ORDERED that one bill of costs is awarded to the defendants.
In this action to foreclose a mortgage, the defendants previously appealed from two orders dated March 31, 2017, which, inter alia, granted that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the defendants, and appointed a referee to compute the sum owed to the plaintiff. Those appeals were deemed dismissed for failure to perfect (see 22 NYCRR 1250.10[a]).
The referee issued a report, and the plaintiff moved to confirm the report and for a judgment of foreclosure and sale. The defendants cross-moved, among other things, in effect, for summary judgment dismissing the complaint insofar as asserted against them on the ground of lack [*2]of standing or, in the alternative, to reject the referee's report and to vacate the orders dated March 31, 2017. In an order dated November 6, 2017, the Supreme Court granted the plaintiff's motion and denied the defendants' cross motion. A judgment of foreclosure and sale was entered on November 20, 2017. The defendants appeal from the order dated November 6, 2017, and from the judgment of foreclosure and sale.
The appeal from the order dated November 6, 2017, must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment of foreclosure and sale (see CPLR 5501[a][1]).
The defendants argue, inter alia, that the Supreme Court erred in confirming the referee's report because the referee's computation was premised upon unproduced business records. "The report of a referee should be confirmed whenever the findings are substantially supported by the record, and the referee has clearly defined the issues and resolved matters of credibility" (Citimortgage, Inc. v Kidd, 148 AD3d 767, 768). Here, the affidavit of an employee of the plaintiff's loan servicer, submitted for the purpose of establishing the amount due and owing under the subject mortgage loan, constituted inadmissible hearsay and lacked probative value because the affiant did not produce any of the business records she purportedly relied upon in making her calculations (see generally Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 208-209). Under the circumstances, the referee's findings with respect to the total amount due upon the mortgage were not substantially supported by the record (see Nationstar Mtge., LLC v Cavallaro, 181 AD3d 688, 688-689; U.S. Bank N.A. v Calabro, 175 AD3d 1451; Citimortgage, Inc. v Kidd, 148 AD3d at 768-769).
In view of our determination, we need not reach the defendants' contention that they were entitled to a hearing pursuant to CPLR 4313 (see Nationstar Mtge., LLC v Cavallaro, 181 AD3d at 688-689).
The defendants also seek to raise here the issues decided in the Supreme Court's prior orders dated March 31, 2017. "As a general rule, this Court does not consider an issue on a subsequent appeal which was raised or could have been raised in an earlier appeal which was dismissed for failure to perfect, although this Court has the inherent jurisdiction to do so" (Wells Fargo Bank, N.A. v Digirolamo, 185 AD3d 873, 874; see Rubeo v National Grange Mut. Ins. Co., 93 NY2d 750; Kapsis v Peragine, 96 AD3d 804, 805; see also Bray v Cox, 38 NY2d 350, 353). We decline to exercise our discretion in this case.
Accordingly, we reverse the judgment of foreclosure and sale, deny the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, grant that branch of the defendants' cross motion which was to reject the referee's report, modify the order dated November 6, 2017, accordingly, and remit the matter to the Supreme Court, Suffolk County, for a new report computing the amount due to the plaintiff in accordance herewith, followed by further proceedings in accordance with CPLR 4403 and the entry of an appropriate amended judgment thereafter.
RIVERA, J.P., CHAMBERS, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court