JPMorgan Chase Bank, N.A. v Multani (2021 NY Slip Op 04346)





JPMorgan Chase Bank, N.A. v Multani


2021 NY Slip Op 04346


Decided on July 14, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 14, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY, JJ.


2018-01055
 (Index No. 22606/12)

[*1]JPMorgan Chase Bank, National Association, etc., respondent, 
v
Balbir Singh Multani, appellant.


David A. Bythewood, Mineola, NY, for appellant.
Parker Ibrahim & Berg, LLP, New York, NY (Boris Peyzner and Scott W. Parker of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Balbir Singh Multani appeals from an order of the Supreme Court, Queens County (Howard G. Lane, J.), entered November 2, 2017. The order denied his motion pursuant to CPLR 5015(a)(3) to vacate a judgment of foreclosure and sale of the same court entered December 22, 2016.
ORDERED that the order is affirmed, with costs.
In November 2012, the plaintiff commenced this action against, among others, the defendant Balbir Singh Multani (hereinafter the defendant) to foreclose a mortgage on residential real property in Queens owned by the defendant. In March 2013, the defendant was served with the summons and complaint, and he failed to appear or answer the complaint. Thereafter, on December 22, 2016, the Supreme Court entered a judgment of foreclosure and sale.
Approximately six months later, in July 2017, the defendant moved pursuant to CPLR 5015(a)(3) to vacate the judgment of foreclosure and sale, alleging, inter alia, that the assignment of the mortgage was invalid on the ground of an impermissible conflict of interest. The defendant contended that the attorney for the plaintiff executed the assignment of mortgage on behalf of the assignor while representing the assignee, the plaintiff. In an order entered November 2, 2017, the Supreme Court denied the defendant's motion. The defendant appeals, and we affirm.
The Supreme Court properly denied the defendant's motion to vacate the judgment of foreclosure and sale. A defendant moving pursuant to CPLR 5015(a)(3) to vacate a default based on intrinsic fraud, i.e., on the basis that the plaintiff's allegations in the complaint are false, must establish both a reasonable excuse for the default and a potentially meritorious defense to the action (see ETrade Bank v Ejenam, 188 AD3d 1004, 1005-1006; New Century Mtge. Corp. v Corriette, 117 AD3d 1011, 1012). Here, the defendant failed to provide any excuse whatsoever, let alone a reasonable excuse for his default in appearing or answering the complaint (see Wells Fargo Bank, N.A. v Shatles, 157 AD3d 750, 751-752; New Century Mtge. Corp. v Corriette, 117 AD3d at 1012). Since the defendant failed to show a reasonable excuse for his default, it is unnecessary to consider whether the defendant had a potentially meritorious defense to the action (see Wells Fargo Bank, [*2]N.A. v Salzmann, 181 AD3d 896, 897; New Century Mtge. Corp. v Corriette, 117 AD3d at 1012).
The defendant's remaining contentions either are without merit or need not be reached in light of our determination.
Accordingly, we affirm the order.
MASTRO, J.P., RIVERA, HINDS-RADIX and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court