HSBC Bank USA, N.A. v Somalingam (2022 NY Slip Op 01773)





HSBC Bank USA, N.A. v Somalingam


2022 NY Slip Op 01773


Decided on March 16, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
CHERYL E. CHAMBERS
LINDA CHRISTOPHER
JOSEPH A. ZAYAS, JJ.


2019-00973
 (Index No. 14243/09)

[*1]HSBC Bank USA, National Association, etc., respondent, 
v
Manamadur Somalingam, etc., appellant, et al., defendants.


Peter A. Joseph, New York, NY, for appellant.
Duane Morris LLP, New York, NY (Brett L. Messinger of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Manamadur Somalingam appeals from an order of the Supreme Court, Westchester County (Charles D. Wood, J.), dated November 28, 2018. The order denied that defendant's motion pursuant to CPLR 5015(a)(3) to vacate an order and judgment of foreclosure and sale (one paper) of the same court dated April 13, 2017.
ORDERED that the order is affirmed, with costs.
In 2009, the plaintiff commenced this action against the defendant Manamadur Somalingam (hereinafter the defendant), among others, to foreclose a mortgage on real property in Pelham. The defendant failed answer the complaint, and on April 13, 2017, the Supreme Court issued an order and judgment of foreclosure and sale. Thereafter, the defendant moved pursuant to CPLR 5015(a)(3) to vacate the order and judgment of foreclosure and sale. The court denied the defendant's motion, and the defendant appeals.
Contrary to the defendant's contention, the allegations which form the basis of his motion are not allegations of extrinsic fraud, as the defendant does not contend that the plaintiff's misrepresentations prevented him from fully and fairly litigating the matter (see LaSalle Bank N.A. v Oberstein, 146 AD3d 945, 945; Shaw v Shaw, 97 AD2d 403, 403). Rather, the defendant's contention that the plaintiff fraudulently obtained the order and judgment of foreclosure and sale by submitting fraudulent documents and making false representations about its standing to commence the action amounts to an allegation of intrinsic fraud (see CitiMortgage, Inc. v Nunez, 198 AD3d 865, 866; U.S. Bank, N.A. v Robinson, 168 AD3d 1120, 1121), and therefore the defendant was required to establish a reasonable excuse for his default and a potentially meritorious defense to the action (see CitiMortgage, Inc. v Nunez, 198 AD3d at 866; New Century Mtge. Corp. v Corriette, 117 AD3d 1011, 1012). Since the defendant failed to offer any excuse for failure to answer the complaint, the Supreme Court properly denied the defendant's motion pursuant to CPLR 5015(a)(3) to vacate the order and judgment of foreclosure and sale (see JPMorgan Chase Bank, N.A. v Multani, 196 AD3d 549, 550; Christiana Trust v McCobb, 187 AD3d 981, 982; U.S. Bank, N.A. v Peters, 127 AD3d 742, 743). It is therefore unnecessary to consider whether the defendant presented a potentially meritorious defense to the action (see JPMorgan Chase Bank, N.A. v Multani, 196 AD3d at 550; U.S. Bank, N.A. v Robinson, 168 AD3d at 1121; EMC Mtge. Corp. v Asturizaga, 150 AD3d 824, 826).
DUFFY, J.P., CHAMBERS, CHRISTOPHER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court