Citimortgage, Inc. v Pierce (2022 NY Slip Op 01765)





Citimortgage, Inc. v Pierce


2022 NY Slip Op 01765


Decided on March 16, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.


2018-14841 
2018-14842
 (Index No. 12083/13)

[*1]Citimortgage, Inc., respondent, 
v
Latanya Pierce, appellant, et al., defendants.


Latanya Pierce, Brooklyn, NY, appellant pro se.
Akerman LLP, New York, NY (Jordan M. Smith of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Latanya Pierce appeals from two orders of the Supreme Court, Kings County (Noach Dear, J.), both dated October 16, 2018. The first order, insofar as appealed from, granted those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant Latanya Pierce and for an order of reference, and denied that defendant's cross motion to dismiss the complaint insofar as asserted against her. The second order, insofar as appealed from, granted the same relief to the plaintiff and appointed a referee to compute the amount due to the plaintiff.
ORDERED that the orders are affirmed insofar as appealed from, with one bill of costs.
The plaintiff commenced this action on July 2, 2013, to foreclose a mortgage on real property located in Brooklyn. The plaintiff filed affidavits of service indicating that service of process upon the defendant Latanya Pierce (hereinafter the defendant), by two different methods, was completed on or about September 10, 2013. The defendant did not answer the complaint. Six settlement conferences were held, between November 19, 2013, and September 12, 2014, at which time the matter was released from the foreclosure settlement part. On or about October 9, 2015, the plaintiff moved, inter alia, for leave to enter a default judgment against the defendant and for an order of reference. The defendant opposed the motion and cross-moved pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against her. In an order dated April 26, 2016, the Supreme Court, among other things, in effect, granted the defendant's cross motion and directed
dismissal of the complaint pursuant to CPLR 3215(c). The plaintiff thereafter moved, inter alia, for leave to reargue its prior motion, among other things, for leave to enter a default judgment against defendant and for an order of reference. The defendant opposed the motion. In an order dated February 16, 2017, the court granted the plaintiff's motion, vacated the order dated April 26, 2016, and restored the case to active status, finding that the "plaintiff did not abandon the foreclosure action and has a meritorious claim pursuant to CPLR 3215(c)."
On or about March 28, 2018, the plaintiff again moved, inter alia, for leave to enter a default judgment against the defendant and for an order of reference. The defendant opposed the motion and cross-moved to dismiss the complaint insofar as asserted against her, contending, among other things, that the plaintiff failed to comply with RPAPL 1304, and that the plaintiff abandoned the action.
In an order dated October 16, 2018, the Supreme Court, inter alia, granted those [*2]branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant and for an order of reference, and denied the defendant's cross motion. The court determined, among other things, that the defendant "cannot relitigate 3215[c]," as the court "vacated [the] 3215[c] dismissal order and found that Plaintiff did not abandon the action and had a meritorious claim," and that the defendant's contentions with respect to RPAPL 1304, among other defenses, were waived by the defendant's default. In a second order, also dated October 16, 2018, the court, inter alia, granted the same relief to the plaintiff and appointed a referee to compute the amount due to the plaintiff. The defendant appeals from both orders dated October 16, 2018.
The order dated February 16, 2017, from which the defendant did not appeal, was the law of the case with respect to the arguments raised by the defendant regarding dismissal pursuant to CPLR 3215(c) (see Brownrigg v New York City Hous. Auth., 29 AD3d 721, 722; Brown-Jodoin v Pirrotti, 138 AD3d 661, 663; Grossman v Team Care Home Care Agency, Inc., 14 AD3d 652). The Supreme Court therefore properly denied dismissal of the complaint pursuant to CPLR 3215(c) (see Rose v Different Twist Pretzel, Inc., 175 AD3d 597, 598; cf. Hothan v Mercy Med. Ctr., 105 AD3d 905, 905). Although this Court is not bound by the law of the case doctrine and may consider the defendant's contentions (see Mosher-Simons v County of Allegany, 99 NY2d 214, 218-219; US Bank N.A. v Oliver, 180 AD3d 843, 844), we decline to disturb the Supreme Court's determination (see Debcon Fin. Servs., Inc. v 83-17 Broadway Corp., 126 AD3d 752, 754-755).
The Supreme Court also properly determined that the defendant was precluded from raising the plaintiff's alleged failure to comply with RPAPL 1304 as a defense in this action, as the defendant failed to vacate her default in appearing or answering the complaint (see Wilmington Trust, N.A. v Ashe, 189 AD3d 1130, 1132; U.S. Bank N.A. v Cid, 178 AD3d 875, 876; PHH Mtge. Corp. v Celestin, 130 AD3d 703, 704).
DILLON, J.P., MILLER, GENOVESI and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court