U.S. Bank N.A. v Morino (2022 NY Slip Op 04754)

U.S. Bank N.A. v Morino

2022 NY Slip Op 04754

Decided on July 27, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 27, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.

2019-07059
 (Index No. 708522/16)

[*1]U.S. Bank National Association, etc., respondent,
v
Clarie Morino, etc., et al., defendants, Lucio Morino, appellant.

Michael Kennedy Karlson, New York, NY, for appellant.
McCalla Raymer Leibert Pierce, LLC, New York, NY (David Gantz of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Lucio Morino appeals from an order of the Supreme Court, Queens County (Robert J. McDonald, J.), entered April 23, 2019. The order denied that defendant's motion, inter alia, pursuant to CPLR 5015(a)(3) to vacate an order and judgment of foreclosure and sale of the same court entered January 10, 2019, upon, among other things, his default in answering the complaint, and to set aside the foreclosure sale of the subject property.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to foreclose a mortgage executed by the defendant Lucio Morino (hereinafter the defendant), and served the defendant with process pursuant to CPLR 308(1). After the plaintiff rejected the defendant's pro se answer as untimely, the Supreme Court granted the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference, upon the defendant's default. Thereafter, the court granted the plaintiff's unopposed motion, inter alia, for a judgment of foreclosure and sale. An order and judgment of foreclosure and sale was entered on January 10, 2019. The plaintiff subsequently noticed a foreclosure sale for March 15, 2019.
On March 14, 2019, the defendant moved, inter alia, by order to show cause pursuant to CPLR 2201 and 5015(a)(3) to stay the sale of the subject premises, to vacate the order and judgment of foreclosure and sale, and to vacate the foreclosure sale if it occurred prior to the determination of the motion. The Supreme Court struck the defendant's application for a temporary restraining order enjoining the plaintiff from selling the property and, consequently, the property was sold at public auction. The plaintiff opposed the defendant's motion. By order entered April 23, 2019, the court denied the motion, determining that the defendant did not move to vacate his default in answering the complaint. The defendant appeals.
Pursuant to CPLR 5015(a)(3), a court may relieve a party from a judgment or order upon the ground of "fraud, misrepresentation, or other misconduct of an adverse party."
Here, the allegations which form the basis of the defendant's motion are not allegations of extrinsic fraud, as the defendant does not contend that the plaintiff's misrepresentations prevented him from fully and fairly litigating the matter (see LaSalle Bank N.A. v Oberstein, 146 AD3d 945, 945; Shaw v Shaw, 97 AD2d 403, 403). Rather, the defendant's contention that the plaintiff fraudulently obtained the order and judgment of foreclosure and sale by making false representations about its compliance with paragraph 22 of the mortgage and RPAPL 3404 and 3406, amounts to an allegation of intrinsic fraud (see HSBC Bank USA, N.A. v Somalingam, 203 AD3d 897; Deutsche Bank Natl. Trust Co. v Pagan, 183 AD3d 801, 802). Therefore, contrary to the defendant's contention, he was required to establish a reasonable excuse for his default and a potentially meritorious defense to the action (see HSBC Bank USA, N.A. v Somalingam, 203 AD3d at 897-898).
Since the defendant presented no excuse for his default in answering the complaint or in opposing the plaintiff's motion for a judgment of foreclosure and sale (see U.S. Bank N.A. v Persaud, 175 AD3d 1344, 1346), "let alone a reasonable excuse" (JPMorgan Chase Bank, N.A. v Multani, 196 AD3d 549, 550), it was unnecessary to consider whether he presented a potentially meritorious defense (see CitiMortgage, Inc. v Nunez, 198 AD3d 865, 866; JPMorgan Chase Bank, N.A. v Multani, 196 AD3d at 550), including failure to comply with any conditions precedent in the mortgage (see HSBC Bank USA, N.A. v Walker, 201 AD3d 795, 797). Therefore, the Supreme Court's determination denying the defendant's motion pursuant to CPLR 5015(a)(3) on the ground that he failed to demonstrate a reasonable excuse for his default was proper (see HSBC Bank USA, N.A. v Somalingam, 203 AD3d at 898; P.B. #7, LLC v 231 Fourth Ave. Lyceum, LLC, 167 AD3d 1031, 1032).
CONNOLLY, J.P., CHRISTOPHER, FORD and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court