Pennymac Corp. v Pryce (2022 NY Slip Op 07446)

Pennymac Corp. v Pryce

2022 NY Slip Op 07446

Decided on December 28, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 28, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.

2020-01596
 (Index No. 708132/14)

[*1]Pennymac Corp., respondent, 
v
Cassius Pryce, appellant, et al., defendants.

Biolsi Law Group, P.C., New York, NY (Steven Alexander Biolsi of counsel), for appellant.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Cassius Pryce appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Queens County (Allan B. Weiss, J.), entered December 19, 2019. The order and judgment of foreclosure and sale, insofar as appealed from, granted the plaintiff's motion, inter alia, to confirm a referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is reversed insofar as appealed from, on the law, with costs, the plaintiff's motion, inter alia, to confirm the referee's report and for a judgment of foreclosure and sale is denied, and the matter is remitted to the Supreme Court, Queens County, for a new report computing the amount due to the plaintiff, followed by further proceedings in accordance with CPLR 4403 and the entry of an appropriate amended judgment thereafter.
The plaintiff commenced this action against the defendant Cassius Pryce (hereinafter the defendant), among others, to foreclose a mortgage on certain property located in Jamaica. After the defendant interposed an answer to the complaint, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against him and for an order of reference. The defendant opposed the motion, and cross-moved for summary judgment dismissing the complaint insofar as asserted against him for failure to comply with RPAPL 1304 and the notice of default provisions of the mortgage. By order dated October 31, 2018, the Supreme Court, inter alia, granted the plaintiff's motion, denied the defendant's cross motion, and referred the matter to a referee to ascertain and compute the amount due to the plaintiff. The defendant appealed, but the appeal was deemed dismissed for failure to perfect (see 22 NYCRR 1250.10[a]).
The plaintiff subsequently moved, inter alia, to confirm the referee's report and for a judgment of foreclosure and sale. The defendant opposed the motion. On December 19, 2019, the Supreme Court entered an order and judgment of foreclosure and sale, among other things, granting the plaintiff's motion, confirming the referee's report, and directing the sale of the subject property. The defendant appeals.
"The report of a referee should be confirmed whenever the findings are substantially supported by the record, and the referee has clearly defined the issues and resolved matters of [*2]credibility" (Citimortgage, Inc. v Kidd, 148 AD3d 767, 768). Here, the affidavit of merit of an employee of the plaintiff constituted inadmissible hearsay and lacked probative value because the affiant did not produce any of the business records he purportedly relied upon in making his calculations (see generally Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 208-209). Under the circumstances, the referee's findings with respect to the total amount due upon the mortgage were not substantially supported by the record (see Bank of N.Y. Mellon v Davis, 193 AD3d 803, 804; Nationstar Mtge., LLC v Cavallaro, 181 AD3d 688, 688-689).
In light of our determination, we need not reach the defendant's contention that he was entitled to a hearing pursuant to CPLR 4313 (see Bank of N.Y. Mellon v Davis, 193 AD3d at 804; Nationstar Mtge., LLC v Cavallaro, 181 AD3d at 688-689).
The defendant's remaining contentions raise issues decided in the Supreme Court's order dated October 31, 2018. As a general rule, this Court does not consider an issue on a subsequent appeal that was raised or could have been raised on an earlier appeal which was dismissed for failure to perfect, although this Court has the inherent jurisdiction to do so (see Bray v Cox, 38 NY2d 350, 353; Bayview Loan Servicing, LLC v Williams, 149 AD3d 891). We decline to exercise that jurisdiction in this case.
Accordingly, the Supreme Court should have denied the plaintiff's motion, inter alia, to confirm the referee's report and for a judgment of foreclosure and sale.
DILLON, J.P., CHAMBERS, FORD and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court