U.S. Bank N.A. v Carucci (2023 NY Slip Op 03370)

U.S. Bank N.A. v Carucci

2023 NY Slip Op 03370

Decided on June 21, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 21, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ANGELA G. IANNACCI
LARA J. GENOVESI
JANICE A. TAYLOR, JJ.

2020-08818
 (Index No. 130239/12)

[*1]U.S. Bank National Association, etc., respondent,
v
Vincent Carucci, Jr., etc., et al., defendants, Carol Carucci, appellant.

Hanna & Vlahakis, Brooklyn, NY (Mark Hanna of counsel), for appellant.
Reed Smith, LLP, New York, NY (Andrew B. Messite and James N. Faller of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Carol Carucci appeals from an order of the Supreme Court, Richmond County (Desmond A. Green, J.), dated March 10, 2020. The order granted the plaintiff's motion to confirm a referee's report and for a judgment of foreclosure and sale, and denied that defendant's cross-motion pursuant to CPLR 5015 to vacate an order of the same court (Judith N. McMahon, J.) dated September 1, 2015, granting the plaintiff's unopposed motion, inter alia, for summary judgment on the complaint insofar as asserted against that defendant, to strike her answer, and for an order of reference.
ORDERED that the order dated March 10, 2020, is affirmed, with costs.
The plaintiff commenced this action against the defendant Carol Carucci (hereinafter the defendant) and her husband, the defendant Vincent Carucci, Jr., among others, to foreclose a consolidated mortgage on real property. The defendant answered the complaint, asserting affirmative defenses, including lack of standing. The plaintiff thereafter moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer, and for an order of reference. The defendant did not oppose the motion, which was granted by order dated September 1, 2015.
After obtaining a referee's report, the plaintiff moved to confirm the report and for a judgment of foreclosure and sale. The defendant cross-moved pursuant to CPLR 5015 to vacate the September 1, 2015 order, entered upon her default in opposing the plaintiff's summary judgment motion. By order dated March 10, 2020, the Supreme Court granted the plaintiff's motion and denied the defendant's cross-motion. The defendant appeals.
A party moving pursuant to CPLR 5015(a)(1) to vacate a default in opposing a motion must demonstrate both a reasonable excuse for the default and a potentially meritorious defense to the motion (see Ahmed v Ahmed, 175 AD3d 1363, 1365; Flagstar Bank, FSB v Damaro, 145 AD3d 858, 859-860). Here, the defendant's bare and unsubstantiated assertion that her husband did not keep her apprised of the status of the foreclosure action at the time the plaintiff's summary judgment motion was made, which merely amounted to a general lack of awareness of the need to file responsive papers, did not constitute a reasonable excuse for the defendant's failure to oppose the [*2]motion (see US Bank N.A. v Salvatierra, 205 AD3d 757, 758; Wells Fargo Bank, N.A. v Hyun Jung Kim, 189 AD3d 1673, 1674; Lane v Smith, 84 AD3d 746, 748). Since the defendant failed to proffer a reasonable excuse for her default, we need not consider whether the defendant had a potentially meritorious defense to the motion, including the nonjurisdictional defense of lack of standing (see HSBC Bank USA, N.A. v Diallo, 190 AD3d 959, 960-961).
CPLR 5015(a)(3) permits the court to vacate an order on the basis of "fraud, misrepresentation, or other misconduct of an adverse party." To the extent that the defendant sought to vacate the September 1, 2015 order on this basis, she does not assert "extrinsic fraud," which is "a fraud practiced in obtaining a judgment such that a party may have been prevented from fully and fairly litigating the matter" (Shaw v Shaw, 97 AD2d 403, 403). Rather, the defendant's assertion that the plaintiff submitted fraudulent documents in support of its summary judgment motion amounts to an allegation of intrinsic fraud (see U.S. Bank N.A. v Persaud, 175 AD3d 1344, 1345-1346; U.S. Bank, N.A. v Robinson, 168 AD3d 1120, 1121). "Where a defendant seeks to vacate a default pursuant to CPLR 5015(a)(3) based on intrinsic fraud, he or she must establish a reasonable excuse for the default and a potentially meritorious defense to the action" (U.S. Bank, N.A. v Robinson, 168 AD3d at 1121; see U.S. Bank N.A. v Persaud, 175 AD3d at 1345-1346). Thus, since the defendant failed to establish a reasonable excuse for her default, she is not entitled to vacatur of the September 1, 2015 order pursuant to CPLR 5015(a)(3) (see CitiMortgage, Inc. v Nunez, 198 AD3d 865; U.S. Bank, N.A. v Robinson, 168 AD3d at 1121; Wells Fargo Bank Minnesota, N.A. v Coletta, 153 AD3d 756, 757).
Accordingly, the Supreme Court properly granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, and denied the defendant's cross-motion pursuant to CPLR 5015 to vacate the September 1, 2015 order.
CONNOLLY, J.P., IANNACCI, GENOVESI and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court