402-404 Willoughby Ave. Realty, LLC v Berkowitz (2025 NY Slip Op 02300)

402-404 Willoughby Ave. Realty, LLC v Berkowitz

2025 NY Slip Op 02300

Decided on April 23, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
LINDA CHRISTOPHER
WILLIAM G. FORD
LAURENCE L. LOVE, JJ.

2023-04343
 (Index No. 500099/14)

[*1]402-404 Willoughby Avenue Realty, LLC, et al., respondents, 
v
Morris Berkowitz, defendant, Leizer Klar, appellant.

Cohen, LaBarbera & Landrigan, LLP, Chester, NY (Kyle A. Seiss of counsel), for appellant.
Koss & Schonfeld, LLP, New York, NY (Jacob J. Schindelheim and Graig A. Russo of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, for a judgment declaring that a deed is null and void, the defendant Leizer Klar appeals from an order of the Supreme Court, Kings County (Robin K. Sheares, J.), dated April 20, 2023. The order, insofar as appealed from, denied that branch of that defendant's motion which was pursuant to CPLR 5015(a) to vacate an order of the same court dated March 12, 2020, granting the plaintiffs' unopposed motion, among other things, for leave to enter a default judgment against him.
ORDERED that the order dated April 20, 2023, is affirmed insofar as appealed from, with costs.
In 2014, the plaintiffs commenced this action against Leizer Klar and another defendant, inter alia, for a judgment declaring that a deed is null and void. Klar interposed an answer asserting affirmative defenses, including that he was a bona fide purchaser for value of the subject property. The action was taken off the Supreme Court's calendar in 2017, and was reinstated in 2019. In an order dated July 11, 2019, the court granted the motion of Klar's former attorney for leave to withdraw as counsel. On October 3, 2019, Klar defaulted by failing to appear at a compliance conference. In November 2019, the plaintiffs moved, inter alia, for leave to enter a default judgment against Klar based on his failure to appear at the scheduled conference or to retain new counsel. Klar appeared at a compliance conference on March 4, 2020, and was ordered to appear for a deposition. Klar thereafter appeared pro se on the return date of the plaintiffs' motion, but did not oppose the motion. By order dated March 12, 2020, the court granted the plaintiffs' motion. On July 24, 2020, Klar filed a proposed order to show cause by which he would move, among other things, pursuant to CPLR 5015(a) to vacate the order dated March 12, 2020, entered upon his default in opposing the plaintiffs' motion, inter alia, for leave to enter a default judgment against him. On June 23, 2021, Klar's proposed order to show cause was returned for correction. In August 2021, Klar moved, among other things, pursuant to CPLR 5015(a) to vacate the order dated March 12, 2020. By order dated April 20, 2023, the court, inter alia, denied that branch of Klar's motion. Klar appeals.
"A party moving pursuant to CPLR 5015(a)(1) to vacate a default in opposing a motion must demonstrate both a reasonable excuse for the default and a potentially meritorious [*2]defense to the motion" (U.S. Bank N.A. v Carucci, 217 AD3d 894, 895; see Ahmed v Ahmed, 175 AD3d 1363, 1365; Flagstar Bank, FSB v Damaro, 145 AD3d 858, 859-860). The determination of what constitutes a reasonable excuse lies within the sound discretion of the trial court (see M.V. v Applied Behavioral Mental Health Counseling, P.C., 219 AD3d 943, 944; Bank of N.Y. Mellon v Faragalla, 174 AD3d 677, 678; Mid-Hudson Props., Inc. v Klein, 167 AD3d 862, 864). Under the circumstances, Klar provided a reasonable excuse for his failure to submit timely opposition to the plaintiffs' motion, among other things, for leave to enter a default judgment against him, based upon his failure to understand the significance of opposing the motion following his attorney's withdrawal (see Arroyo v Starrett City, Inc., 170 AD3d 929, 930-931). However, Klar failed to establish a potentially meritorious opposition to the motion as he failed to establish a potentially meritorious defense to the action. "'As a general rule, a defendant who seeks to vacate a default in appearing at a compliance conference is required to demonstrate both a reasonable excuse for the default and a potentially meritorious defense'" (Sposito v Cutting, 165 AD3d 863, 864, quoting Foley Inc. v Metropolis Superstructures, Inc., 130 AD3d 680, 680). Here, in support of his proposed order to show cause, filed in July 2020, Klar submitted an affirmation averring in a conclusory manner, without any evidentiary support, that he had entered into a written agreement with the defendant Morris Berkowitz in May 2012 to purchase the property, that the agreement was in Hebrew, and that a translation would be provided imminently. A translation was not provided. Klar's affirmation in support of his motion, filed in August 2021, contains an identical allegation, but Klar failed to submit the agreement (see New St. Assoc., LLC v Gach, 173 AD3d 749, 751; Wise v Classon Vil., L.P., 172 AD3d 1444, 1446).
Accordingly, the Supreme Court properly denied that branch of Klar's motion which was pursuant to CPLR 5015(a) to vacate the order dated March 12, 2020.
LASALLE, P.J., CHRISTOPHER, FORD and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court