HSBC Bank USA, N.A. v Coxall (2025 NY Slip Op 03557)

HSBC Bank USA, N.A. v Coxall

2025 NY Slip Op 03557

Decided on June 11, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 11, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
WILLIAM G. FORD
JANICE A. TAYLOR
LAURENCE L. LOVE, JJ.

2022-09323
2022-09324
 (Index No. 6655/09)

[*1]HSBC Bank USA, N.A., respondent,
v
Joseph C. Coxall, appellant, et al., defendants.

Alice A. Nicholson, Brooklyn, NY, for appellant.
Knuckles, Komosinski, & Manfro, LLP, Elmsford, NY (Louis A. Levithan of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Joseph C. Coxall appeals from (1) an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated October 12, 2022, and (2) an order and judgment of foreclosure and sale (one paper) of the same court, also dated October 12, 2022. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were to confirm a referee's report and for a judgment of foreclosure and sale and denied those branches of the cross-motion of the defendant Joseph C. Coxall which were pursuant to CPLR 5015(a)(3) to vacate an order of the same court (Noach Dear, J.) dated September 25, 2017, granting the plaintiff's unopposed motion, inter alia, for summary judgment on the complaint insofar as asserted against him and for an order of reference, and pursuant to CPLR 3025(b) for leave to amend his answer or, in the alternative, to dismiss the complaint insofar as asserted against him for failure to comply with the notice provisions of RPAPL 1304. The order and judgment of foreclosure and sale, insofar as appealed from, granted the same relief to the plaintiff, confirmed the referee's report, and directed the sale of the subject property.
ORDERED that the appeal from the order dated October 12, 2022, is dismissed, without costs or disbursements; and it is further,
ORDERED that the order and judgment of foreclosure and sale is reversed insofar as appealed from, on the law, without costs or disbursements, those branches of the plaintiff's motion which were to confirm the referee's report and for a judgment of foreclosure and sale are denied, the referee's report is rejected, the order dated October 12, 2022, is modified accordingly, and the matter is remitted to the Supreme Court, Kings County, for a new report computing the amount due to the plaintiff, followed by further proceedings in accordance with CPLR 4403 and the entry of an appropriate amended judgment thereafter.
The appeal from the order dated October 12, 2022, must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order dated October 12, 2022, are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d [*2]at 248).
The plaintiff commenced this action against the defendant Joseph C. Coxall (hereinafter the defendant), among others, to foreclose a mortgage on certain real property located in Brooklyn (hereinafter the subject property). The defendant interposed an answer in which he asserted various affirmative defenses, including that the plaintiff failed to provide the "proper notices" required by the Real Property Actions and Proceedings Law. The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer, and for an order of reference. The defendant did not oppose the motion. In an order dated September 25, 2017 (hereinafter the summary judgment order), the Supreme Court granted the unopposed motion, struck the defendant's answer, and appointed a referee to compute the amount due to the plaintiff.
Thereafter, the plaintiff moved, among other things, to confirm the referee's report and for a judgment of foreclosure and sale. The defendant opposed the motion and cross-moved, inter alia, pursuant to CPLR 5015(a)(3) to vacate the summary judgment order and pursuant to CPLR 3025(b) for leave to amend his answer to add as an affirmative defense that the plaintiff failed to comply with the notice of default provisions of the mortgage agreement or, in the alternative, to dismiss the complaint insofar as asserted against him based on the plaintiff's failure to comply with the notice provisions of RPAPL 1304. In an order dated October 12, 2022, the Supreme Court, among other things, granted those branches of the plaintiff's motion and denied those branches of the defendant's cross-motion. In an order and judgment of foreclosure and sale, also dated October 12, 2022, the court, inter alia, granted the same relief to the plaintiff, confirmed the referee's report, and directed the sale of the subject property. The defendant appeals.
"CPLR 5015(a)(3) permits the court to vacate an order on the basis of 'fraud, misrepresentation, or other misconduct of an adverse party'" (U.S. Bank N.A. v Carucci, 217 AD3d 894, 895, quoting CPLR 5015[a][3]). "Where a defendant alleges intrinsic fraud . . . the defendant is required to demonstrate a reasonable excuse for the default in order to vacate a judgment pursuant to CPLR 5015(a)(3)" (Heitner v Capital One, N.A., 226 AD3d 979, 981-982 [internal quotation marks omitted]).
Here, the defendant's contention that the plaintiff obtained the summary judgment order "by making false representations about its compliance with . . . RPAPL 1304 . . . amounts to an allegation of intrinsic fraud" (U.S. Bank N.A. v Morino, 207 AD3d 776, 777; see U.S. Bank N.A. v Carucci, 217 AD3d at 895). Since the defendant failed to offer an excuse for his default in opposing the plaintiff's motion, among other things, for summary judgment on the complaint insofar as asserted against him, the Supreme Court properly denied that branch of his motion which was pursuant to CPLR 5015(a)(3) to vacate the summary judgment order, regardless of whether he presented a potentially meritorious defense to the action (see Heitner v Capital One, N.A., 226 AD3d at 982; U.S. Bank N.A. v Carucci, 217 AD3d at 895; U.S. Bank N.A. v Morino, 207 AD3d at 777-778; CitiMortgage, Inc. v Nunez, 198 AD3d 865, 866). To the extent that the defendant contends that his default should be excused because the plaintiff's motion papers were mailed to his attorney at the attorney's former address, that contention is without merit (see Nico v Olajitan, 229 AD3d 561, 562-563; Wachovia Mtge., FSB v Coleman, 170 AD3d 1244, 1245).
"Proper service of RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition" (Wells Fargo Bank, N.A. v Morales, 178 AD3d 881, 882 [alteration and internal quotation marks omitted]). "A defense based on noncompliance with RPAPL 1304 may be raised at any time during the action" (id.).
Here, the defendant effectively raised the issue of noncompliance with RPAPL 1304 in his answer, the plaintiff presented evidence of its compliance with the statute on its motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, and, in granting that motion, the Supreme Court decided the issue in the plaintiff's favor (see Wells Fargo Bank, N.A. v Morales, 178 AD3d at 882). Therefore, pursuant to the doctrine of law of the case, the [*3]court was precluded from reconsidering the issue on the defendant's cross-motion, among other things, to vacate the summary judgment order (see Bank of N.Y. Mellon v Singh, 205 AD3d at 868; Wells Fargo Bank, N.A. v Morales, 178 AD3d at 882). Although this Court is not bound by the law of the case doctrine, since the defendant never established his entitlement to vacatur of his default in opposing the plaintiff's motion, he "should be precluded under the circumstances from raising the issue of whether the plaintiff complied with the notice provisions of RPAPL 1304, as a defense to this action" (US Bank N.A. v Oliver, 180 AD3d 843, 844; see PHH Mtge. Corp. v Celestin, 130 AD3d 703, 704; see also Citimortgage, Inc. v Pierce, 203 AD3d 878, 880; HSBC Bank USA, N.A. v Hasis, 154 AD3d 832, 834).
Furthermore, since the Supreme Court previously granted that branch of the plaintiff's motion which was to strike the defendant's answer, there was no answer before the court to amend, and therefore, the court properly denied that branch of the defendant's cross-motion which was pursuant to CPLR 3025(b) for leave to amend his answer (see U.S. Bank N.A. v Herman, 207 AD3d 592, 594; Deutsche Bank Natl. Trust Co. v James, 164 AD3d 467, 469). "In any event, a motion for leave to amend a pleading should not be granted where prejudice or surprise to the opposing party results directly from the moving party's delay" (Deutsche Bank Natl. Trust Co. v James, 164 AD3d at 469). Here, the defendant's extensive delay of approximately nine years before seeking leave to amend his answer "would have resulted in unfair surprise and prejudice to the plaintiff" (id.; see CitiMortgage, Inc. v Nunez, 198 AD3d at 866).
However, the Supreme Court erred in granting those branches of the plaintiff's motion which were to confirm the referee's report and for a judgment of foreclosure and sale.
"The report of a referee should be confirmed whenever the findings are substantially supported by the record and the referee has clearly defined the issues and resolved matters of credibility" (HSBC Mtge. Corp. USA v Tehrani, 229 AD3d 772, 777; see Pennymac Corp. v Pryce, 211 AD3d 1029, 1030). Here, in computing the amount due on the mortgage loan, the referee relied upon the affidavit of Frank Rosas, a vice president of Nationstar Mortgage, LLC (hereinafter Nationstar), the servicer of the mortgage loan. Rosas stated in his affidavit that Nationstar's records pertaining to the mortgage loan included records of PHH Mortgage, a prior servicer. However, Rosas did not state when Nationstar began servicing the loan, did not state that "[he] was personally familiar with the record-keeping practices and procedures" of PHH Mortgage (Christiana Trust v Campbell, 202 AD3d 750, 751 [internal quotation marks omitted]), and did not "establish that the records provided by [PHH Mortgage] were incorporated into [Nationstar's] own records and routinely relied upon by [Nationstar] in its own business" (Bank of N.Y. Mellon v Basta, 205 AD3d 664, 665-666; see U.S. Bank N.A. v Maher, 219 AD3d 1372, 1374; Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 209). Thus, Rosas's affidavit failed to satisfy the admissibility requirements of CPLR 4518(a) (see Bank of N.Y. Mellon v Gordon, 171 AD3d at 209-210). Under the circumstances, the referee's findings, based upon Rosas's affidavit, were not substantially supported by the record (see Wells Fargo Bank, N.A. v Laronga, 219 AD3d 1559, 1561; Pennymac Corp. v Pryce, 211 AD3d at 1030), and therefore, the Supreme Court should have denied those branches of the plaintiff's motion which were to confirm the referee's report and for a judgment of foreclosure and sale.
In light of the foregoing, we need not consider the parties' remaining contentions.
CHAMBERS, J.P., FORD, TAYLOR and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court