Federal Natl. Mtge. Assn. v McDonald

2026 NY Slip Op 02826

May 6, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Federal National Mortgage Association, respondent,

v

Valerie McDonald, appellant, et al., defendants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 6, 2026

2023-02434, 2024-12172, (Index No. 11111/11)

Colleen D. Duffy, J.P.

Deborah A. Dowling

Phillip Hom

Susan Quirk, JJ.

Alice A. Nicholson, Brooklyn, NY, for appellant.

Robertson, Anschutz, Schneid, Crane & Partners, PLLC, Westbury, NY (Joseph F. Battista of counsel), for respondent.

In an action to foreclose a mortgage, the defendant Valerie McDonald appeals from (1) an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated February 17, 2023, and (2) an order and judgment of foreclosure and sale (one paper) of the same court dated July 22, 2024. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were to confirm a referee's report and for a judgment of foreclosure and sale and denied the cross-motion of the defendant Valerie McDonald for summary judgment dismissing the complaint insofar as asserted against her. The order and judgment of foreclosure and sale, insofar as appealed from, granted the same relief to the plaintiff, confirmed the referee's report, and directed the sale of the subject property.

[*1]

DECISION & ORDER

Cross-motion by the plaintiff, inter alia, to dismiss the appeal from the order on the ground that the right of direct appeal from the order terminated upon entry of the order and judgment of foreclosure and sale. By decision and order on motion of this Court dated February 7, 2025, that branch of the cross-motion was held in abeyance and referred to the panel of Justices hearing the appeals for a determination upon the argument or submission thereof.

Upon the papers filed in support of the cross-motion and no papers having been filed in opposition or relation thereto, and upon the submission of the appeals, it is

ORDERED that the branch of the cross-motion which is to dismiss the appeal from the order on the ground that the right of direct appeal from the order terminated upon entry of the order and judgment of foreclosure and sale is granted; and it is further,

ORDERED that the appeal from the order is dismissed; and it is further,

ORDERED that the order and judgment of foreclosure and sale is reversed insofar as appealed from, on the law, those branches of the plaintiff's motion which were to confirm the referee's report and for a judgment of foreclosure and sale are denied, the referee's report is rejected, the order is modified accordingly, and the matter is remitted to the Supreme Court, Kings County, for a new report computing the amount due to the plaintiff, followed by further proceedings in [*2]accordance with CPLR 4403 and the entry of an appropriate amended judgment thereafter; and it is further,

ORDERED that one bill of costs is awarded to the defendant Valerie McDonald.

The appeal from the order dated February 17, 2023, must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see id.).

In 2011, the plaintiff's predecessor in interest commenced this action against the defendant Valerie McDonald (hereinafter the defendant), among others, to foreclose a mortgage on certain real property located in Brooklyn. The defendant interposed an answer asserting various affirmative defenses, including failure to comply with RPAPL 1304, among others. The plaintiff's predecessor in interest moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer and affirmative defenses, and for an order of reference. The defendant did not oppose the motion. In an order dated April 3, 2017, the Supreme Court granted the unopposed motion and appointed a referee to compute the amount due to the plaintiff.

Thereafter, the plaintiff moved, among other things, to confirm the referee's report and for a judgment of foreclosure and sale. The defendant opposed the motion and cross-moved for summary judgment dismissing the complaint insofar as asserted against her based on the plaintiff's failure to comply with RPAPL 1304. In an order dated February 17, 2023, the Supreme Court, inter alia, granted those branches of the plaintiff's motion which were to confirm the referee's report and for a judgment of foreclosure and sale and denied the defendant's cross-motion. In an order and judgment of foreclosure and sale dated July 22, 2024, the court, among other things, granted the same relief to the plaintiff, confirmed the referee's report, and directed the sale of the property. The defendant appeals.

The Supreme Court properly denied the defendant's cross-motion for summary judgment dismissing the complaint insofar as asserted against her. Since the defendant never established her entitlement to vacatur of her default in opposing the motion of the plaintiff's predecessor in interest, inter alia, for summary judgment on the complaint insofar as asserted against her and to strike her answer and affirmative defenses, she is precluded under the circumstances from raising the issue of whether the plaintiff's predecessor in interest complied with the notice provisions of RPAPL 1304 as a basis for granting summary judgment dismissing the complaint insofar as asserted against her (see HSBC Bank USA, N.A. v Coxall, 239 AD3d 714, 716-717; US Bank N.A. v Oliver, 180 AD3d 843, 844).

The Supreme Court should have denied those branches of the plaintiff's motion which were to confirm the referee's report and for a judgment of foreclosure and sale. "The report of a referee should be confirmed whenever the findings are substantially supported by the record and the referee has clearly defined the issues and resolved matters of credibility" (Bank of Am., N.A. v Barnett, 241 AD3d 1234, 1237 [internal quotation marks omitted]). However, "'[t]he referee's findings and recommendations are advisory only and have no binding effect on the court, which remains the ultimate arbiter of the dispute'" (id. [internal quotation marks omitted], quoting IndyMac Fed. Bank, FSB v Vantassell, 187 AD3d 725, 726). "'[C]omputations based upon a review of unidentified and unproduced business records . . . constitute inadmissible hearsay and lack probative value'" (id., quoting Bank of N.Y. Mellon v Glasgow, 232 AD3d 754, 755).

Here, the referee relied on an affidavit of an assistant vice president of Rushmore Loan Management Services, LLC, an alleged assignee of the plaintiff's assignee. As the defendant correctly contends, the computations contained in the affidavit were "based upon a review of unidentified and unproduced business records" and, consequently, "constitute[d] inadmissible hearsay and lack[ed] probative value" (id. at 1238 [internal quotation marks omitted]). Thus, the findings contained in the referee's report were not substantially supported by the record (see id.). [*3]Accordingly, we remit the matter to the Supreme Court, Kings County, for a new report computing the amount due to the plaintiff, followed by further proceedings in accordance with CPLR 4403 and the entry of an appropriate amended judgment thereafter.

The parties' remaining contentions either are without merit or need not be reached in light of our determination.

DUFFY, J.P., DOWLING, HOM and QUIRK, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court